UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>            Plaintiff,<br><br>     v.<br><br>AYON,<br><br>            Defendant. | No.  1:21-cv-00809-JLT-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 49) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed September 29, 2023.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding on Plaintiff's retaliation claim against Defendant Ayon. (ECF No. 28.)  Defendant filed an answer to the complaint on December 1, 2022. (ECF No. 36.)

After an unsuccessful settlement conference, the Court issued the discovery and scheduling order on February 8, 2023. (ECF No. 48.)

///

1

On September 29, 2023, Plaintiff filed the instant motion to compel. (ECF No. 49.) Defendant filed an opposition on October 13, 2023. (ECF No. 50.) Although the time to file a reply has not expired, the Court deems a reply unnecessary to resolve Plaintiff's motion.

## II.

## LEGAL STANDARD

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 48. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

Federal Rule of Civil Procedure 34 authorizes a party to serve on any other party with a request to produce documents, electronically stored information, or other tangible evidence, that is relevant within the definition set forth in Rule 26(b). See Fed. R. Civ. P. 34(a)(1). "For each item or category, the response must either state that inspection and related activities will be

3

1  permitted as requested or state an objection to the request, including the reasons.... An objection

2  to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P.

3  34(b)(2)(B), (C).

4      "[A] party need not have actual possession of documents to be deemed in control of

5  them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D. Nev. 1998) (quoting Estate of

6  Young v. Holmes, 134 F.R.D. 291, 294 (D. Nev. 1991)). "A party that has a legal right to obtain

7  certain documents is deemed to have control of the documents." Clark, 181 F.R.D. at 472; Allen

8  v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007)

9  (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Evans v. Tilton, No.

10  1:07-cv-01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010). Under Rule 34(b),

11  the party to whom the request is directed must respond in writing that inspection and related

12  activities will be permitted as requested, or state an objection to the request, including the

13  reasons. Fed. R. Civ. P. 34(b)(2). A reasonable inquiry must be made, and if no responsive

14  documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state

15  with sufficient specificity to allow the court to determine whether the party made a reasonable

16  inquiry and exercised due diligence. Uribe v. McKesson, No. 08-cv-01285 DMS (NLS), 2010

17  WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the

18  responsive party claims lack of possession, control, or custody, the party must so state with

19  sufficient specificity to allow the court (1) to conclude that the responses were made after a case-

20  specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, No. 1:05-

21  cv-001524-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010).

22                                        **III.**

23                                        **DISCUSSION**

24      Here, Plaintiff seeks to compel Defendant to respond to his requests for production of

25  documents.

26      Defendant submits that he did not produce the documents in response to the request

27  because it sought privileged materials irrelevant to the needs of this case and sought compliance

28  beyond the scope of discovery. (ECF No. 50.)

**A.     Request for Production of Documents**

Request for Production No. 1: "Produce any and all documents from the defendant's personnel file pertaining to any complaints, investigation and disciplinary actions taken in accordance with Senate Bill 1421 for purposes of impeachment." (ECF No. 50, Ex. A.)

Response: Defendant objects to this request on the grounds that (1) it is overly broad in that it seeks material irrelevant to the merits of this case, as "any complaints, investigations, and disciplinary actions" will necessarily include matters beyond the facts at issue here; (2) it seeks information that is privileged, including information protected under the official-information privilege and the deliberative-process privilege, as this request seeks any information that would be contained in the Defendant's personnel file as well as material related to investigations that encompass the deliberative processes of CDCR; and (3) this request seeks material beyond that which is required by the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of California, and the standing orders of Judge Boone, as this request seeks materials "in accordance with Senate Bill 1421." Based on the foregoing objections, Defendant will produce no documents in response to this request. (ECF No. 50, Ex. B.)

**Ruling**: Plaintiff's motion to compel shall be granted. This action is proceeding on Plaintiff's retaliation claim against Defendant Ayon. Defendant argues that that any responsive documents are protected by the official information privilege. Defendant claims that the documents, if disclosed, would jeopardize the safety and privacy rights of non-party inmates and correctional staff and undermine the California Department of Corrections and Rehabilitation's ability to conduct confidential investigations. Defendants acknowledge that, in federal cases, questions of privilege are resolved pursuant to federal law. Kelly v. City of San Jose, 114 F.R.D. 653, 660 (N.D. Cal. 1987). Defendant has provided the declaration of J. Barba, Litigation Coordinator at California Substance Abuse Treatment Facility, who asserts, in pertinent part, the following:

> Certain materials are classified as confidential by CDCR and SATF and are maintained as such. Maintaining the confidentiality of these materials means that they are restricted from viewing by inmates or the public because the primary objectives of CDCR and its institutions are to protect the public by safely housing persons in their custody. Personnel

records are among the types of materials classified and maintained as confidential. Personnel records of SATF employees are deemed "confidential" by CDCR. Information generally contained in an employee's personnel records includes, among other things, an employee's work history within CDCR, the circumstances of any change in position within CDCR and, notably, any disciplinary reports. Disclosure of such personnel records may compromise the safety and security of CDCR staff and the public. Because of these safety and security concerns, personnel records cannot be disclosed to CDCR inmates.

If CDCR were required to disclose personnel records of CDCR employees to inmates, it could potentially jeopardize the safety and security of CDCR employees, their families, and possibly the public.

In Plaintiff's lone request for production, Plaintiff seeks materials related to Defendant Ayon's personnel records. CDCR maintains personnel records, including records of discipline, as strictly confidential. The release of such information would be a serious breach of security. In addition to violating the employee's right to privacy as regards their personnel records, release of this information could diminish the ability of prison staff to maintain security, and could jeopardize the lives of inmates and prison staff. The risks include the capacity for inmates to extort the officer by threatening to publicize unproven misconduct allegations; share this information with other inmates, who could then fabricate similar allegations to create a false appearance of a pattern of misconduct; to use such information to harass and provoke the staff member by referring to personnel issues that should be kept private; and can render inmates less inclined to comply with orders knowing that they can exploit any prior incident to argue that the staff member instigated the altercation.

Disclosing confidential information about CDCR's officers or employees posts, even subject to a protective order in cases where plaintiff-inmate is represented by counsel (which is not the case here), is inadequate to ensure that plaintiffs will not learn of the information inadvertently through their lawyer or their lawyer's staff. Seemingly trivial information may be disclosed to inmates in casual conversations that could later enable inmates to identify targets, manipulate staff, extort others, or thwart prison security procedures. The importance of keeping this information from inmates is further evidenced by the fact that mere possession of confidential information, even if obtained through third parties, can subject an inmate to disciplinary action. See California Code of Regulations, Title 15, sections 3006(c)(5), 3321(a) (prohibiting materials concerning the disruption of order or security of any facility and classifying confidential information as those which endanger the safety or security of the institution). The potential harm from the circulation of such information is too severe to risk, and the documents must be protected from disclosure. Maintaining as private and confidential such information discourages inmates from causing harm to prison officials and employees as well as their families, and other inmates, or thwarting means used to maintain the safety and control of the prison, and reinforces the safety and security of the inmates and prison staff. For these reasons, I believe the potential for misuse of information exists even when a protective order issues that theoretically prevents it from occurring.

(ECF No. 50-1, Ex. C.)

1    As indicated above, Defendant did not produce any documents responsive to this request.
2    Defendant has also failed to address any specific harm posed by the production of the withheld
3    documents. Defendant does not contend that any specific document threatens the safety and
4    security of the institution, staff or inmates based on its content. Instead, Defendant simply relies
5    on the declaration of J. Barba for the proposition that disclosure of any and all withheld
6    documents would endanger the safety of staff and inmates. However, Barba's declaration does
7    not specifically address any of the documents actually withheld.  Accordingly, the Court does not
8    find merit to Defendant's argument for official privilege.

9    However, Defendant's objection regarding the scope of the requests is well taken, as the
10   breadth of the request exceeds the issues presented to the Court in this case.  Nonetheless,
11   complaints, grievances, lawsuits, and disciplinary actions against Defendant based upon the same
12   type of conduct at issue in this action are relevant, and the scope of the request will be narrowed
13   accordingly. Defendant will be required to produce copies of any staff or inmate complaints,
14   grievances, disciplinary actions, and operative complaints in lawsuits, from the past 10 years to
15   the  present and of which he is aware,[1] that deal with allegations that Defendant Ayon took
16   action/inaction in retaliation. The documents may be redacted as necessary for security purposes
17   and to exclude any sensitive information not related to Defendant's action.  This includes the
18   redaction of other inmates' identifying information, which the Court recognizes may go beyond
19   inmate name and number. If safety or security concerns remain even after redaction, Defendant
20   may move for a protective order and/or in camera review.[2]  If no responsive documents exist,
21   Defendant shall update his response accordingly.

22   In both his request and motion to compel, Plaintiff argues that Senate Bill 1421[3] entitled

---

[1] Defendant is considered to be aware of any such documentation contained within his personnel files.

[2] Prior to producing any responsive documents, Defendant is permitted to seek a protective order, if necessary, that provides the necessary privilege log and declaration with respect to any documents responsive to the request, as defined by this order.

[3] California Senate Bill No. 1421 ("SB 1421") "revised the state's law on privilege and confidentiality of peace officer personnel records," Washington v. Hicks, 2021 WL 5967906 at *6 (E.D. Cal. Dec. 16, 2021), by amending "California Penal Code Section 832.7 to allow disclosure under the California Public Records Act (CPRA) of records" relating to, among other things, serious use of force or serious dishonesty. Ventura County Deputy Sheriffs' Assn., v. County of Ventura, 61 Cal. App. 5th 585, 589, 275 Cal.Rptr.3d 842 (2021).

him to the requested documents.  However, in section 1983 cases, federal law, not state law, applies to resolve questions of privilege. Kerr U.S. Dist. Court for Northern Dist. of California, 511 F.2d 192, 197 (9th Cir.1975). "Questions of privilege that arise in the course of the adjudication of federal rights are governed by the principles of common law as they may be interpreted by the courts of the United States in light of reason and experience." U.S. v. Zolin, 491 U.S. 554, 562 (1989) (citing Fed. Rule Evid. 501). Thus, because California law plays no part in construing the Federal Rules of Evidence, there is no need to consider state law in determining privilege questions. Miller v. Panucci, 141 F.R.D. 292, 299 (C.D. Cal. Jan. 21, 1992).  Further, to the extent Plaintiff argues that the Freedom of Information Act (FOIA) provides for disclosure of the requested documents, such claim is likewise without merit.  The FOIA is not applicable to the present action. First, the Act only applies to federal entities. 5 U.S.C. § 551(1).  Second, the Act's exceptions to disclosure "were not intended to create evidentiary privileges for civil discovery." Kerr, 511 F.2d at 197.  This action is proceeding against a state actor and Plaintiff is seeking state records.  Accordingly, Plaintiff's argument on this ground is without merit.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel is GRANTED; and
2. Within **thirty (30)** days from the date of service of this order, Defendant shall file a response to Plaintiff's request for production of documents, subject to redaction, protective order, and/or in camera review, if deemed appropriate.

IT IS SO ORDERED.

Dated:  **October 24, 2023**

_____
UNITED STATES MAGISTRATE JUDGE