1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11    JEREMY JONES,                          No.  1:21-cv-00809-JLT-SAB (PC)

12                    Plaintiff,             FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING PLAINTIFF'S MOTION
13          v.                               FOR VOLUNTARY DISMISSAL BE
                                             GRANTED
14    AYON,
                                             (ECF No. 66)
15                    Defendant.

16

17

18          Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42

19    U.S.C. § 1983.

20          On August 30, 2024, Plaintiff filed a notice of voluntary dismissal.  (ECF No. 66.)

21                                          **I.**

22                            **RELEVANT BACKGROUND**

23          This action is proceeding against Defendant Ayon for retaliation in violation of the First

24    Amendment.

25          Defendant filed an answer to the complaint on December 1, 2022.  (ECF No. 36.)

26          After an unsuccessful settlement conference, the discovery and scheduling order issued on

27    February 8, 2023.  (ECF No. 48.)  The scheduling order was modified on November 14, 2023.

28

                                              1

1    (ECF No. 53.)

2        On March 11, 2024, Defendant filed a motion for summary judgment.  (ECF No. 56.)  The

3    Court granted Plaintiff four extensions of time to file an opposition.  (ECF No. 65.)

4        On August 30, 2024, Plaintiff filed a notice requesting the action be dismissed.  (ECF No.

5    66.)  Because Defendant has already filed an answer to the complaint, the Court directed

6    Defendant to file a response to Plaintiff's notice of voluntary dismissal.  (ECF No. 67.)

7    Defendant filed a response on September 6, 2024, in which he objects to dismissal of the action,

8    without prejudice, because a motion for summary judgment has been filed.  (ECF No. 68.)

9                                              **II.**

10                                         **DISCUSSION**

11        Federal Rule of Civil Procedure 41(a)(2) governs Jones's motion to dismiss without

12    prejudice. In ruling on such motions, a court "must consider whether the defendant will suffer

13    some plain legal prejudice as a result of the dismissal" in ruling on such a motion. Hamilton v.

14    Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982). Relevant factors include: (1) the

15    defendant's effort and expense involved in preparing for trial; (2) excessive delay and lack of

16    diligence on the part of the plaintiff in prosecuting the action; and (3) insufficient explanation of

17    the need to take a dismissal. Burnette v. Godshall, 828 F.Supp. 1439, 1443–44 (N.D. Cal. 1993).

18    Courts consider prejudice especially aggravated where the plaintiff "waited until the defendant is

19    on the verge of triumph to move for [dismissal]." See Williams v. Peralta Cmty. Coll. Dist., 227

20    F.R.D. 538, 540 (N.D. Cal. 2005).

21        "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's

22    sound discretion[.]" Westlands Water Dist. v. United States, 100 F.3d 94, 96 (1996). "The

23    purpose of [Rule 41(a)(2)] is to permit a plaintiff to dismiss an action without prejudice so long as

24    the defendant will not be prejudiced or unfairly affected by dismissal." Stevedoring Servs. of Am.

25    v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989). Thus, "[a] district court should grant a

26    motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer

27    some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001)

28    (footnote omitted).

1    Neither "uncertainty because a dispute remains unresolved" nor "the threat of future

2    litigation" constitutes plain legal prejudice.  Id. Nor does "[t]he mere fact that defendants have

3    incurred expense during the pendency of [a] litigation amount to legal prejudice sufficient to

4    render a Rule 41(a)(2) motion improper." Self v. Equinox Holdings, Inc., No. CV 14-4241 MMM

5    (AJWx), 2015 WL 13298146, at *11 (C.D. Cal. Jan. 5, 2015). Rather, " 'legal prejudice' means

6    'prejudice to some legal interest, some legal claim, [or] some legal argument.' " Id. at 976

7    (quoting Westlands Water Dist., 100 F.3d at 97).

8         **A.    Defendant's Efforts and Expenses in Preparing for Trial**

9    Here, Plaintiff seeks dismissal of the action due to the death of his father.[1]  (ECF No. 66.)

10   Defendant opposes dismissal, without prejudice, and argues in light of the pending summary

11   judgment motion he is "on the verge of triumph" in this action.  (ECF No. 68 at 2.)  Defendant

12   merely complains of the effort and expense required to produce the pending motion for summary

13   judgment.  However, "the expenses incurred in defending against a lawsuit does not amount to

14   legal prejudice." Westlands Water Dist., 100 F.3d at 98 (citing Hamilton v. Firestone Tire &

15   Rubber Co., Inc., 679 F.2d 143, 146 (9th Cir. 1982)); see also Huynh v. Quora, Inc., No. 18-cv-

16   7597-BLF, 2020 WL 4584198, at *2 (N.D. Cal. Aug. 10, 2020) ("Defendant alleges it has

17   devoted significant time and monetary resources toward this case ..., but those facts do not

18   amount to legal prejudice.") (emphasis added); In re Morning Song Bird Food Litig., No.

19   12cv1592 JAH (RBB), 2015 WL 12791403, at *3 (S.D. Cal. Nov. 19, 2015).  Indeed, the Ninth

20   Circuit has made clear "[t]hese potential outcomes from dismissal are not the type that rise to

21   plain legal prejudice." Bird v. PSC Holdings I, LLC, No. 12-cv-1528-W(NLS), 2014 WL

22   1600459, at *2 (S.D. Cal. Apr. 17, 2014) (citing Smith, 263 F.3d at 976 and Wetlands Water

23   Dist., 100 F.3d at 96–97).  In addition, the Court notes that the fruits of Defendant's labor will not

24   be laid to waste if Plaintiff ultimately chooses to withdraw her dismissal and re-assert the

25   retaliation claims.  See, e.g., In re Morning Song Bird Food Litig., 2015 WL 12791403, at *4

26   (finding pending summary judgment motion did not support legal prejudice); United States v.

27   _____

[1] Pro se litigants, such as Plaintiff, are afforded some latitude when determining whether to grant or deny a request
28   under Rule 41(a)(2).  See Segal v. Segal, No. 20-cv-1382-BAS-JLB, 2022 WL 848324, at *5 (S.D. Cal. Mar. 22,
2022) (citing Allen v. United States, 277 F.R.D. 221, 224 (D.D.C. 2011)).

1    Gilead Sci., Inc., No. 11-cv-941-EMC, 2020 WL 1915032, at *2 (N.D. Cal. Apr. 20, 2020)

2    (finding pending motion to dismiss did not constitute legal prejudice); see also Gunderson v.

3    Alaska Airlines, Inc., No. C06-1340MJP, 2007 WL 4246176, at *3 (W.D. Wash. Nov. 29, 2007)

4    (opining that finding legal prejudice arising from the termination of a pending motion would

5    improperly presume a favorable outcome); Tanis v. Sw. Airlines, Co., No. 18-cv-2333-BAS-

6    BGS, 2019 WL 5268658, at *2 (S.D. Cal. Oct. 17, 2019) (finding significant that if plaintiff later

7    sought to withdraw dismissal, defendants "w[ould] not be forced to repeat any work or expend

8    any unnecessary resources"). Defendant will be able to rely on the same arguments in his motion

9    for summary judgment based on the same discovery obtained from Plaintiff.

10           **B.       Excessive Delay and Lack of Diligence on Part of Plaintiff**

11           Defendant argues that because the Court has granted Plaintiff four extensions of time to

12   file an opposition to the pending motion for summary judgment, "it appears [Plaintiff] seeks to

13   evade the order" to file an opposition "by resetting the case outright." Defendants submit that

14   dismissal, without prejudice would "incur further, duplicative discovery and motions-preparation

15   expenses in [a] second lawsuit." (ECF No. 68 at 3.) Although Plaintiff has not yet filed an

16   opposition to the motion for summary judgment and was granted four extensions of time to do so,

17   Defendant will be able to rely on the same arguments in his motion for summary judgment based

18   on the same discovery obtained from Plaintiff. Thus, Defendant's argument is unavailing.

19           **C.       Sufficient Explanation of Need to Take Dismissal**

20           As previously stated, Plaintiff's seeks dismissal of the action due to the death of his father.

21   Plaintiff sufficiently explains that he wishes to refile the case when he "is in a better headspace."

22   (ECF No. 66 at 1.) Accordingly, the Court finds that Plaintiff's motion to dismiss the instant

23   action, without prejudice, should be granted. This does not prejudice the Defendant in raising

24   other legal issues/defenses should the Plaintiff re-file his case at a later time.

25                                                    **III.**

26                                         **RECOMMENDATION**

27           Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for

28   voluntary dismissal, without prejudice, be granted.

                                                      4

1    This Findings and Recommendation will be submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**

3    **days** after being served with this Findings and Recommendation, the parties may file written

4    objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

5    Findings and Recommendation."  The parties are advised that failure to file objections within the

6    specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834,

7    838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

8

9    IT IS SO ORDERED.

10    Dated:    **October 7, 2024**

UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5